UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YSAURO R. MUNOZ )<br>        Plaintiff )<br>)<br>v. )<br>)<br>GORDON R. ENGLAND )<br>DEPARTMENT OF THE NAVY )<br>        Defendant )<br>_____ ) | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Introduction**

1.  Plaintiff Ysauro R. Munoz, by and through undersigned counsel, hereby files this civil action against Gordon R. England, Secretary of the Navy, in his official capacity. This action seeks relief for harm caused to Mr. Munoz by Defendant's unlawful refusal to comply with a Settlement Agreement entered into on February 28, 2002, in that the Agency has without justification, refused to provide career enhancement training within the twelve month period following execution of the settlement agreement. The Agreement settled complaints filed against the Navy for employment discrimination based on race and age discrimination, harassment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. §§ 621 et seq. Plaintiff seeks legal and equitable relief, including injunctive relief, specific performance, promotion, back pay, interest on back pay, compensatory damages and reasonable attorneys' fees incurred in maintaining this action, including the preceding administrative actions.

## Parties

2. Plaintiff Ysauro R. Munoz, is a career Navy Civilian employee stationed overseas at the naval Ship Repair Facility ("SRF") in Yokosuka, Japan. Mr. Munoz is an Engineering Technician, GS-12, responsible for providing technical, repair and modernization services to ships and weapons systems at the ship repair facility. Mr. Munoz is of Hispanic descent and over forty years old.

3. Defendant Gordon R. England is the Secretary of the Navy. Mr. England is sued in his official capacity only. The Navy is a department of the United States government.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 29 U.S.C. § 633a(c), 42 U.S.C. 2000e-16(c) and 42 U.S.C. § 1981a.

5. Plaintiff exhausted his administrative remedies by notifying the agency of its breaches of the settlement agreement, and then filing appeals with the Equal Employment Opportunity Commission (EEOC) on July 17, 2002 in Appeal No. 01A24123, and on February 28, 2003, in Appeal No. 01A34434.

6. On September 26, 2005, plaintiff received a final decision letter from the EEOC notifying him of his right to sue in Federal District Court within 90 days.

7. Venue properly lies in this Court pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3), because the employment decisions affecting plaintiff were made in the District of Columbia, records concerning plaintiff's employment are maintained and administered in the District of Columbia, and Defendant, Secretary of the Navy, is located in the District of Columbia.

## Facts

8. On February 28, 2002, complainant and the agency entered into a settlement agreement regarding complainant's EEO complaints (Agency Nos. 01-62758-003 and 02-62758-004). The settlement provided, in pertinent part, that in exchange for complainant voluntarily withdrawing his complaints, the agency agreed to provide training to enhance Mr. Munoz's career within 12 months from the date of this agreement and to provide Mr. Munoz with a "Letter of Regret". ("Settlement Agreement", "Settlement" or "SA").

9. Plaintiff initiated the first breach proceeding in response to the Agency's refusal to provide him with requested training, first notifying the Navy by letter of April 12, 2002.

10. On June 13, 2002, the Navy determined it had not breached the Settlement. The agency stated with regard to the provision for career enhancing training that no breach had occurred since any training would satisfy the Settlement "since no specific training was identified" and the one year time period had not elapsed.

11. Plaintiff, Mr. Munoz timely filed his settlement breach appeal with the Commission on July 17, 2002 in Appeal No. 01A24123.

12. On February 28, 2003, exactly one year after the execution of the initial SA, Plaintiff filed a formal complainant alleging that the SA had been breached by the Agency's denying his subsequent requests for career enhancement training, specifically his requests for training on the vertical launch systems.

13. On September 4, 2003, in response to the July 17, 2002 appeal, the agency issued a two-page determination that it had complied with the SA, based on its review of its training records. Mr. Munoz was never involved in this investigation.

14. The agency's decision stated the terms of the SA were that Plaintiff would receive career enhancing training, but no specific classes were identified in the SA. As such, the agency's decision found that the training classes which Plaintiff attended were deemed career enhancing as they were directly related to his duties as an Engineering Technician, GS- 12.

15. On October 8, 2003, complainant appealed this determination to the Commission.

16. By October 23, 2003, the agency agreed to investigate the second breach complaint/appeal of February 28, 2003

17. On March 29, 2004, the agency provided Plaintiff a report of the second investigation, along with an offer for requesting a hearing.

18. On April 29, 2004, Plaintiff requested a hearing. However, the Administrative Judge properly dismissed on June 4, 2004, as jurisdiction belonged to the Commission's Office of Federal Operations ("OFO") to decide breaches of settlement agreements.

19. On August 19, 2004, Plaintiff filed an appeal to OFO, requesting consolidation of his breach of settlement claims, and designation of a forum for an opportunity to be heard.

20. On September 21, 2004, the Navy issued a FAD that Mr. Munoz was not discriminated against when it denied him the requested (Vertical Launch System) VLS training. Neither the investigation nor the decision addressed the question of compliance with the Settlement Agreement.

21. The Commission issued a final decision dated September 21, 2004, denying Mr. Munoz relief. This decision was received on September 26, 2004.

## Cause of Action

22. The foregoing violations of the Title VII and ADEA settlement agreement are

violations of those statutes.

23. The actions of the Navy and the Final Decision of Defendant (Office of the Secretary) in not providing career enhancing training between February 28, 2002 through February 28, 2003, specifically Vertical Launch System training, constitute a substantial and material breach and violation of the Settlement Agreement signed by Plaintiff and the Navy.

24. Plaintiff was damaged by Defendant's breach because it prevented Plaintiff from advancing his career, adversely affected his professional skills, prevented him from being promoted, and caused physical harm, emotional suffering and pain, mental anguish, humiliation, embarrassment, anxiety, inconvenience, and loss of enjoyment of life.

## Relief Requested

Wherefore, plaintiff respectfully requests the following relief:

1. Provision of Vertical Launch System training;

2. Modification of position description to encompass missile duties and training;

3. Promotion to grade GS-13 with step increases retroactive to February 2003;

4. Back pay, including interest and restoration of all benefits;

5. A two year tour renewal and removal from Priority Placement Program;

6. Injunctive relief against discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the ADEA;

7. Additional EEO Training and Sensitivity Training for all SRF Managers, within the current fiscal year;

8. Written posting on all SRF bulletin boards that SRF breached the earlier Settlement Agreement.

9. Compensatory damages, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, inconvenience, loss of reputation and other nonpecuniary costs;

10. Attorney's fees and other costs of the action, including expert witness' fees; and

11. Such other relief as may be deemed equitable and proper.

## Jury Demand

12. Plaintiff requests a trial by jury.

Respectfully submitted,

_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiff                                                               December 27, 2005