# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **YSAURO R. MUNOZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2472 (CKK)** |
| | ) | **ECF** |
| **GORDON R. ENGLAND,** | ) | |
| **SECRETARY OF THE NAVY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S  MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant Gordon R. England, Secretary of the Navy, respectfully moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (3) for lack of subject matter jurisdiction and improper venue.  Alternatively, Defendant respectfully moves to transfer this case to either the United States Court of Federal Claims or to the United States District Court for District of Hawaii.  In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Dated: March 20, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **YSAURO R. MUNOZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2472 (CKK)** |
| | ) | **ECF** |
| **GORDON R. ENGLAND,** | ) | |
| **SECRETARY OF THE NAVY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER

### I. INTRODUCTION

Plaintiff, a civilian employee of the United States Navy who works in Japan, brings this action alleging that Defendant breached a Settlement Agreement entered into on February 28, 2002, which settled his administrative complaints of race and age discrimination. Complaint, passim. Based on the controlling law in this Circuit, it is plain that this Court lacks jurisdiction over a claim for breach of a settlement agreement where the amount being sought is greater than $10,000, because 28 U.S.C. § 1361 and 28 U.S.C. § 1491(a)(1) confer exclusive jurisdiction on the Court of Federal Claims. Furthermore, even if this case could be brought under one of the discrimination statutes, Title VII of the 1964 Civil Rights Act or the Age Discrimination in Employment Act, as amended, venue would be improper in this Court because the District of Columbia is not where Plaintiff worked, not where any of the allegedly discriminatory actions took place, not where the relevant employment records are maintained, and not where Plaintiff would have worked but for any of the supposed discrimination. Consequently, this Court should

dismiss Plaintiff's lawsuit or, alternatively, transfer this action to the District of Hawaii.  Fed. R.

Civ. P. 12(b)(3); 28 U.S.C. § 1404(a) .

## II.  <u>BACKGROUND</u>

At all times relevant to the allegations contained in the instant lawsuit, the United States

Department of the Navy has employed the Plaintiff as an Engineering Technician, GS-12.

Complaint, ¶ 2.   Plaintiff is stationed overseas at the Navy's Ship Repair Facility in Yokosuka,

Japan.  Complaint, ¶ 2.  According to records in Plaintiff's Official Personnel File, Plaintiff has

been employed in Japan by the Ship Repair Facility since February 1, 1987.  <u>See</u>  Declaration of

Jeffrey Wataoka ("Wataoka Dec."), ¶ 7 (attached as Exhibit 1).

On February 28, 2002, Plaintiff and Defendant entered into a Settlement Agreement

which provided that plaintiff would withdraw specified EEO complaints (Agency Nos. 01-

62758-003 and 02-62758-004) in exchange for the Navy providing him a "Letter of Regret" and

unspecified, but career-enhancing, training within one year of the date of the Settlement

Agreement.  Complaint, ¶ 8; <u>see</u> Exhibit 2 (February 28, 2002 Settlement Agreement).  The

Settlement Agreement itself contains a procedure for resolving disputes.  <u>See</u> Exhibit 2 at pages

2-3.[1]  After Plaintiff complains in writing and the Navy has an opportunity to respond, these

---

[1]    The Settlement Agreement requires Complainant to raise any claimed violation or breach of the Settlement Agreement in writing with the Commander of the Ship Repair Facility.  Any such complaint is "processed as described in Appendix B to Department of the Navy Civilian Personnel Instruction 12713 and in accordance with the provisions of 29 CFR 1614.504."  Exhibit 2 at 2.  If Complainant fails to receive a response within 30 days or is unsatisfied with the response, he must timely appeal to the Office of Federal Operations at the Equal Employment Opportunity Commission "for a determination as to whether the agency has complied with the terms of this Settlement Agreement."  <u>Id</u>. at 2-3.

procedures culminate in a decision by the Equal Employment Opportunity Commission's Office of Federal Operations.

By letter dated April 12, 2002, Plaintiff notified the Navy of his belief that it had breached the Settlement Agreement by refusing to provide him with some requested training. Complaint, ¶ 9. On June 13, 2002, the Navy determined that it had not breeched the Settlement Agreement because the agreement itself did not identify any particular training and the one-year time period had barely begun when Plaintiff claimed breach. Id. ¶ 10. Following the provisions of the Settlement Agreement for dispute resolution, Plaintiff timely filed an appeal with the EEOC on July 17, 2002, and the EEOC assigned the appeal a case number, specifically No. 01A24123. Complaint, ¶ 11.

On February 28, 2003, Plaintiff filed a second complaint alleging non-compliance with the Settlement Agreement. Complaint, ¶ 12. He alleged that Defendant breached the Settlement Agreement when it denied his requests for career enhancement training, specifically his requests for training on the vertical launch systems. Id.

On September 4, 2003, the Navy determined that it had complied with the Settlement Agreement because its training records indicated that Plaintiff had received training classes which the Navy deemed career-enhancing in full compliance with the Settlement Agreement. Complaint, ¶¶ 13-14. The Navy noted that the Settlement Agreement did not identify specific classes. Id. ¶ 14. On October 8, 2003, Plaintiff appealed this determination to the Commission. Id. ¶ 15.

Subsequently, the Navy agreed to investigate Plaintiff's second complaint of non-compliance with the Settlement Agreement. Id. ¶ 16. On March 29, 2004, the Navy provided a

report of the second investigation to Plaintiff.  Id. ¶ 17.  On August 19, 2004, Plaintiff filed an

appeal to the Equal Employment Opportunity Commission's Office of Federal Operations

("OFO").  Id. ¶ 19.  Plaintiff requested consolidation of his breach of settlement claims and

designation of a forum for an opportunity to be heard.  Id.

On September 21, 2004, the EEOC issued a final decision denying relief to Plaintiff on

both claims of breach.  Id.  Plaintiff received the decision on September 26, 2004.  Id.  Fourteen

months later, on December 27, 2005, plaintiff filed this case concerning the same events.  See

Complaint [Docket Entry No. 1].

### III.  ARGUMENT

#### A.    Standard of Review

 "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v.

Capitol Police Board, 120 F.Supp.2d 78, 81 (D.D.C. 2000) (citations omitted), aff'd, 22

Fed.Appx. 14 (D.C. Cir. 2001) (unpublished).  "The court is not required, however, to accept

inferences unsupported by the facts alleged or legal conclusions that are cast as factual

allegations."  Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir.

2003), cert. denied, 543 U.S. 809 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule

12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a

preponderance of the evidence."  Thompson, 120 F.Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in either of two ways.  First, the court may determine the motion based solely on the

complaint.  <u>Herbert v. National Acad. of Sciences</u> , 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence.  <u>See id</u>.; <u>Rann</u>, 154 F.Supp.2d at 64.  In other words, the Court may

consider facts outside of the pleadings (without converting the motion to one for summary

judgment) when adjudicating a motion to dismiss for lack of subject matter jurisdiction or

improper venue.  <u>See, e.g.</u>, <u>Land v. Dollar</u>, 330 U.S. 731, 735 n. 4 (1947); <u>Herbert v. National</u>

<u>Academy of Sciences</u>, 974 F.2d 192, 197-98 (D.C. Cir. 1992); <u>Bonterra America, Inc. v.</u>

<u>Bestmann</u>, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); <u>see also</u>  <u>R.A. Argueta v. Banco Mexicana, S.A.</u>,

87 F.3d 320, 324 (9th Cir. 1996).

### B.    This Case Should Be Dismissed Because The Court Lacks Subject Matter Jurisdiction Over Claims Involving Breach of the Settlement Agreement

Courts are obliged to consider jurisdictional issues at every stage of litigation.  <u>E.g.</u>,

<u>Mayor of Philadelphia v. Educational Equality League</u>, 415 U.S. 605, 627 (1974); <u>Auction Co. of</u>

<u>America v. FDIC</u>, 141 F.3d 1198, 1200  (D.C. Cir. 1998).  In this case, it is plain that Plaintiff

seeks relief "for harm caused to Mr. Munoz by Defendant's unlawful refusal to comply with a

Settlement Agreement entered into on February 28, 2002, in that the Agency has without

justification, refused to provide career enhancement training within the twelve month period

following execution of the settlement agreement." Complaint ¶ 1.  This case sounds in contract.

<u>Id</u>. ¶ 23 ("The actions of the Navy and the Final Decision of the Defendant . . . constitute a

substantial and material breach and violation of the Settlement Agreement signed by Plaintiff and

the Navy."); <u>see also</u> <u>id</u>. ¶ 24.

- 5 -

Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States and its agencies where the damages sought are in excess of $10,000. See 28 U.S.C. § 1491(a)(1). This Court routinely and uniformly treats administrative settlements of discrimination claims as contracts. See, e.g., Saksenasingh v. Secretary of Education, 126 F.3d 347, 348-49 (D.C. Cir. 1997); Bowden v. United States, 106 F.3d 433, 436 (D.C. Cir. 1997). The D.C. Circuit has held that actions for breach of such contracts belong in the Court of Federal Claims where the amount sought exceeds $10,000. Hansson v. Norton, 411 F.3d 231, 232-33, 235 (D.C. Cir. 2005) (dispute over the reasonableness of an award of attorney's fees where the Resolution Agreement provided that plaintiff would receive reasonable attorney's fees and costs where the agency awarded approximately one quarter of the fees sought). The Court reasoned that such claims "neither requir[ed] an interpretation of Title VII with respect to [the] discrimination complaint nor [sought] equitable relief under Title VII." Id. at 237; see Brown v. United States of America, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (affirming dismissal of claim alleging breach of administrative settlement of EEO charges "because this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims.").[2]

Although the Complaint does not specify the amount of the damages that Plaintiff seeks to recover, its prayer for relief includes: (1) promotion to grade GS-13 with step increases retroactive to February 2003; (2) back pay, including interest and restoration of all benefits; and

---

[2] The D.C. Circuit emphasized that "[i]n order for Brown either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement." Brown, 389 F.3d at 1297.

(3) unspecified compensatory damages, including emotion pain and suffering and loss of

reputation.  Complaint, Relief Requested ¶¶ 3, 4, 9.  Because it appears likely from these

descriptions that Plaintiff seeks more than $10,000, this Court lacks jurisdiction over this case.

See 28 U.S.C. § 1346(a)(2).  That certain other elements of the relief sought by Plaintiff could be

construed to be equitable does not supply jurisdiction in this Court where none otherwise exists.[3]

See Rochon v. Gonzales, ___. F.3d ___, No. 04-5278, 2006 WL 463116 (D.C. Cir. Feb. 28,

2006) ("the combination of a claim for equitable relief under Title VII and a related claim for

breach of contract does not give the district court jurisdiction over the contract claim that, if

brought separately, would be exclusively in the Court of Federal Claims under 28 U.S.C. §§

1346(a)(2), 1491(a)(1).").  The Court of Federal Claims may grant equitable relief under 28

U.S.C. 1491(a) (2) ("To provide an entire remedy and to complete the relief afforded by the

judgment, the court may, as an incident of and collateral to any such judgment, issue orders

directing restoration to office or position, placement in appropriate duty or retirement status, and

correction of applicable records, and such orders may be issued to any appropriate official of the

United States.").

        In order to determine if the Court of Federal Claims possessed jurisdiction over a contract

claim, Hansson relied substantially on the "jurisdictional line" drawn between review of

substantive issues (extent and existence of government liability)  and enforcement of claimant's

rights embodied in an express contract.  Hansson, 411 F.3d at 236-37, citing Massie v. United

_____

        [3]   In addition to monetary relief, Plaintiff also requests other relief under the Settlement
Agreement, including provision of Vertical Launch System Training.  Complaint, ¶¶ 23-24; see also
Complaint "Relief Requested."

States, 166 F.3d 1184, 1189 (Fed. Cir. 1999).  The latter situation (contract enforcement) would favor jurisdiction for the Court of Federal Claims.  Hansson, 411 F.3d at 236-37.  The focus of the Complaint is an express contract (the Settlement Agreement) which granted the Plaintiff certain rights (career enhancing training) which he alleges that he did not receive within the time permitted.  Importantly, Plaintiff seeks primarily money and does not seek rescission of the Settlement Agreement and re-opening of the underlying discrimination complaints.  Thus, the instant case involves contract enforcement and so the Court of Federal Claims could exercise jurisdiction over this case.

Like the Plaintiffs in Brown and Hansson, Plaintiff here brings a contract claim.  Plaintiff seeks relief for an alleged refusal to comply with the Settlement Agreement (a contract).  If the amount in controversy exceeds $10,000 then this Court lacks jurisdiction over Plaintiff's claims.  This Court should dismiss this case for lack of jurisdiction.  Fed. R. Civ. P. 12(b)(1).[4]

> **C.    Even If This Were a Discrimination Case, It Would Still Be Subject to Dismissal For Improper Venue and Because It Was Untimely Filed**

If the Court determines that Plaintiff's action is cognizable under Title VII because it amounts to a discrimination case as opposed to one for breach of contract, this case should still be dismissed because venue is improper in the District of Columbia.  Moreover, because Plaintiff waited over a year to come into Court to challenge the denial of relief by the EEOC and the agency, he has lost his rights to sue for discrimination and this case should be dismissed for that reason.

---

[4]    If, on the other hand, Plaintiff seeks damages of less than $10,000, the Court should still transfer this case to the United States District Court for the District of Hawaii for the reasons set forth below.

### 1.    Venue Is Improper in the District of Columbia Under Title VII

Venue in actions under 42 U.S.C. § 2000e-16 is governed by 42 U.S.C. § 2000e-5(f),

which limits venue to the location of the acts, records, or positions on which the complaint is

based, if the defendant can be found there.  Even if the Court has subject matter jurisdiction

because the Complaint could be broadly construed as setting forth a Title VII action, which it

cannot, venue would be improper in the District of Columbia.  Although Plaintiff's Complaint

cites the jurisdictional provision of Title VII, he fails to satisfy it.  See Complaint, ¶ 7.

42 U.S.C. § 2000e-5(f)(3) provides:

> [A Title VII] action may be brought in any judicial district in the State in which
> the unlawful employment practice is alleged to have been committed, in the
> judicial district in which the employment records relevant to such practice are
> maintained and administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful employment practice, but
> if the respondent is not found within any such district, such an action may be
> brought within the judicial district in which the respondent has his principal
> office.

Under this provision, a Title VII plaintiff must bring an employment discrimination complaint in

one of the judicial districts identified under the first three options if the respondent can be

"found" in that district.  Only if the respondent cannot be found in any such district may the

plaintiff file suit within the district in which the respondent has its principal office.  See

Shipkovitz v. Mosbacher, 1991 WL 251864 (D.D.C. 1991), aff'd, 1992 WL 394489 (D.C. Cir.

1992) (a plaintiff may file in district where defendant makes its headquarters if he cannot file

where actions occurred, where records are kept, or where he would have worked); Mackey v.

Sullivan, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991) (plaintiff may only bring suit in judicial

district where agency has its principal office if none of the other venue requirements of Title VII

can be met).  As the Court has explained, Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination, and the venue determination must be based on a "commonsense appraisal" of how the events in question arose.  Spencer v. Rumsfeld, 209 F.Supp.2d. 15, 17-19 (D.D.C. 2002); see also Stebbins v. State Farm Mutual Auto., Ins. Co., 413 F. 2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969); Hayes v. RCA Service Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

In the case at bar, although Plaintiff attempts to rely on the first, second, and fourth prongs of Title VII's venue provision, none of the three venue options described in 42 U.S.C. § 2000e-5(f)(3) permit venue in the District of Columbia.[5]  Plaintiff fails to satisfy either the first or the second, and may not rely on the fourth because a proper venue is available in the District of Hawaii where Plaintiff's employment records are maintained, and as a result,  the fourth, catch-all, provision does not apply.

The first venue option is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3). Plaintiff does not allege that any unlawful employment practices were committed in the District of Columbia.  Plaintiff's Complaint alleges the breach of a Settlement Agreement but he does not show any connection between the Settlement Agreement and the District of Columbia.  Although Plaintiff alleges vaguely that "employment decisions affecting the Plaintiff were made in the District of Columbia," Complaint ¶ 7, he fails to identify any specific employment decisions,

---

[5] Paragraph 7 of the Complaint alleges that employment decisions affecting the Plaintiff were made in the District of Columbia and that records concerning Plaintiff's employment are maintained and administered there.  Plaintiff further alleges that the Defendant, Secretary of the Navy, is also located in the District of Columbia, but he is incorrect.

unlawful or otherwise, that took place in the District of Columbia. Plaintiff's official personnel file does not indicate that he ever worked in the District of Columbia on any Navy activity. Wataoka Dec. at ¶ 7. Even assuming for the sake of argument that a few of the events at issue had occurred in the District of Columbia, that would not be sufficient to make venue proper in this Court. As this Court has stated: "Venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside Washington even though actions taken in the District of Columbia 'may have had an impact on plaintiff's situation.'" Mackey v. Sullivan, 55 Fair Empl. Prac. Cas. 1134 (D.D.C. 1991), citing Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983). As the Court in Donnell advised, Title VII venue determinations should involve a common sense appraisal of the events having operative significance in the case. Id. Clearly, the focus of Plaintiff's Complaint is the alleged breach of the Settlement Agreement which occurred while he was a Navy employee stationed in Japan. As such, the first venue provision does not supply an appropriate venue.

The third venue provision focusing on where Plaintiff would have worked but for the alleged unlawful discrimination likewise fails to identify an appropriate venue because there is no allegation that Plaintiff would have worked in the District of Columbia. However, the second venue provision, involving the location of Plaintiff's employment records, is satisfied because Plaintiff's records are maintained in Hawaii. But the District of Columbia is not "the judicial district in which the employment records relevant to such [unlawful employment] practices are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). The Navy's Human Resources Service Center Pacific ("HRSC Pacific") provides personnel services to various Navy activities

- 11 -

located in the Pacific theater of operations.  Wataoka Dec., ¶ 2.  HRSC Pacific maintains and

administers the official personnel records concerning current and recently separated Navy

employees who work for Naval activities that are serviced by HRSC Pacific.  Id.  ¶ 3.  The

Navy's Ship Repair Facility located in Yolosuka, Japan has employed Plaintiff in Japan since

February 1, 1987.  Id. ¶ 7.  HRSC Pacific maintains and administers Plaintiff's OPF.  Id. ¶ 6.  At

all relevant times, HRSC Pacific has been located in Honolulu, Hawaii, which lies in the District

of Hawaii.  Id. ¶ 1.

Accordingly, Plaintiff cannot satisfy the venue provision in Title VII for bringing this

case in this judicial district because the District of Columbia has no nexus with the alleged

breach of the Settlement Agreement or his underlying complaints of employment discrimination.

The statute identifies the United States District Court for the District of Hawaii as the appropriate

venue.

## 2.    Plaintiff Also Cannot Establish Venue in D.C. Under the ADEA

Unlike Title VII, the Age Discrimination in Employment Act ("ADEA") does not contain

its own venue provision.  Peary v. Tenet, 2004 U.S. Dist. LEXIS 27668, *5-6 (D.D.C. 2004)

(ADEA actions against the U.S. government are governed by general venue provision, 28 U.S.C.

§ 1391(e), under which venue is proper where defendant resides, where cause of action arose, or

where plaintiff resides).  The Secretary of the Navy is located at the Pentagon, which is in

Virginia, not the District of Columbia.  Monk v. Secretary of the Navy, 793 F.2d 364, 369 n.1

(D.C. Cir. 1986).   It is plain from reading the Complaint that the causes of action arose in Japan.

Complaint; Settlement Agreement.  Plaintiff works in Japan (where he likely also resides) and

maintains a home of record in California.  Wataoka Dec. ¶ 7.  Accordingly, venue is improper in the District of Columbia under the general venue provision as well.

### 3.    The Complaint Fails To State A Discrimination Claim Because It Is Untimely

Plaintiff waited over fourteen months after he received the EEOC's decision denying him any relief to come into this Court.  Because any conceivable period of time for him to challenge the decisions as acts of discrimination had long since run by the time he initiated this action, Plaintiff's discrimination claims are forever lost.

To preserve a claim of unlawful discrimination in connection with employment, federal employees are required to exhaust their administrative remedies through procedures contained in federal regulations.  It is well settled that failure to file suit within the time limits proscribed requires dismissal because the time limits, which serve as the basis for the limited waiver of sovereign immunity in section 2000e-16(c), must be strictly construed.  Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990).  In fact, courts have strictly enforced the time deadlines throughout the complaint process under Title VII.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience").  The Settlement Agreement provided for Plaintiff to exhaust his complaints about non-performance through the EEOC through its regulations, and Plaintiff failed to seek timely judicial review of the EEOC's decision.[6]  See Sommatino v. United States, 255 F.3d 704, 708

---

[6]    The requirement that an aggrieved employee must first seek relief in the agency that has allegedly engaged in discrimination is "not a mere technicality." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996).  Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting

(9th Cir. 2001) (abandonment or failure to cooperate in the administrative process prevents

exhaustion and precludes judicial review).

 Plaintiff failed to exhaust his administrative remedies properly by waiting too long to file

this civil action. The time period for doing so is governed by 29 C.F.R. § 1614.407.[7] The third

sub-section plainly limits Plaintiff to 90 days after his receipt of the EEOC's decision which

denied him relief on both of his administrative claims of breach of the Settlement Agreement.

Plaintiff admits that he received that decision on September 26, 2004. Complaint, ¶ 21. The

Settlement Agreement requires that all of Plaintiff's discrimination claims, including his age

claims, are to be resolved using the regulations at 29 C.F.R. § 1614. Accordingly, if construed as

a discrimination case, it should be dismissed because Plaintiff failed to file this action within the

time limit established in 29 C.F.R. § 1614.407. Williamson v. Shalala, 992 F. Supp. 454, 457

(D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating

his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied,

---

personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984). The "sine qua non for civil action is the filing of a complaint [with the agency]." Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers.").

 [7] Specifically, 29 C.F.R. § 1614.407(d) restricts an employee's right to bring a civil action to four defined periods:

 (1) within 90 days after receipt of the agency's final action (if no appeal is filed);
 (2) no earlier than 180 days after the filing of an individual complaint of discrimination with the agency if an appeal has not been taken and the agency has not taken final action;
 (3) within 90 days after receipt of the EEOC's final decision on an appeal; or
 (4) no earlier than 180 days after filing an appeal with the EEOC if the EEOC fails to issue a final decision.

525 U.S. 915 (1998); see Smith v. Henderson, 137 F.Supp.2d 313, 316 (S.D.N.Y. 2001) (failure

to comply with the time provisions of 29 C.F.R. § 1614.407 warrants dismissal of the case).[8]

> **D.    If Not Dismissed, This Case Should Be Transferred to the Court of Federal
>         Claims or the District of Hawaii.**

As an alternative to dismissal, the Court may transfer this case to the Court of Federal

Claims pursuant to 28 U.S.C. § 1631 if the Court finds that it is properly classified as a contract

action seeking damages in excess of $10,000.  Because the matter in dispute between the parties

appears to be the Navy's failure to provide a particular kind of training, or training which was

sufficiently career-enhancing, and the Settlement Agreement does not provide for the Navy to

pay damages in the event of a breach, it is not entirely clear that the Court of Federal Claims

would accept jurisdiction.  See Schnelle v. United States, 69 Fed. Cl. 463 (Ct. Cl. 2006) (holding

Court of Federal Claims lacked jurisdiction over claim alleging breach of a settlement agreement

which did not mandate money damages as a remedy for breach but reinstatement of the

underlying discrimination complaints).  However, the governing law in this Circuit, Hansson v.

Norton, 411 F.3d 231 (D.C. Cir. 2005), and Brown v. United States, 389 F.3d 1296 (D.C. Cir.

2004), make it clear that this Court presently lacks jurisdiction because Plaintiff must first

demonstrate a material breach of the Settlement Agreement before any other remedy may be

considered.

---

[8]    Because untimely exhaustion of administrative remedies is an affirmative defense, the
defendant bears the burden of pleading and proving it in the first instance. Brown v. Marsh, 777 F.2d
at 13.  Once the defendant meets its burden, the plaintiff then bears the burden of pleading and
proving facts supporting equitable avoidance of the defense.  Bayer v. United States Dep't of
Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Jarrell v. United States Postal Serv., 753 F.2d 1088,
1091-92 (D.C. Cir. 1985); cf. 29 C.F.R. § 1613.214(a)(4) (1991) (recodified as amended at 29 C.F.R.
§ 1614.204(c)).

On the other hand, if the Court is unconvinced that this is a contract action, venue in the District of Columbia is certainly improper for a discrimination case as discussed above.  When an action is filed in an improper venue, the Court must either dismiss it outright or transfer it to another judicial district where proper venue exists.  As provided in 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).  The decision whether to transfer or dismiss a case that has been filed in an improper jurisdiction rests in the sound discretion of the district court. Stewart Organization, Inc., v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v. Watt, 722 F.2d 779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper, Federal Practice & Procedure § 3827 at 170 (1976)).  In Title VII cases, the district court has the same discretion to dismiss rather than transfer such a case.  Hayes, 546 F. Supp. at 665; Washington v. General Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988).

Even if the Court somehow finds that venue is proper in the District of Columbia, the case nevertheless should be transferred to the District Court for the District of Hawaii  for the convenience of the parties and witnesses and in the interest of justice.  See Darby v. United States Dep't of Energy, 231 F. Supp.2d 274 (D.D.C. 2002). Under 28 U.S.C. § 1404(a), an action may be transferred from the district in which it is brought, even though that may be a district in which venue could lie pursuant to 42 U.S.C. § 2000e-5(f)(3), for the convenience of the parties and witnesses and in the interests of justice.  See also In re Horseshoe Entertainment, 337 F.3d 429, 435 (5th Cir. 2003) (assuming district where former employee lived at time suit was filed was a possible venue for suit, it was abuse of discretion for district court to deny former

employer's motion to transfer venue in employment discrimination case from that district to district where employment records were kept, where the discriminatory acts allegedly occurred, and where the plaintiff would have worked but for the allegedly discriminatory acts), cert. denied, 540 U.S. 1049 (2003); Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a) for the convenience of the parties and witnesses and in the interests of justice, to district where, inter alia, majority of fact witnesses lived and personnel files were kept).

Whether to transfer a case to another district involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).  Consistent with this standard, federal courts have articulated three requirements with respect to such a transfer:  (1) that a judicial district exists in which the case might have been properly brought, (2) that the convenience of the parties and witnesses would be better served in an alternative judicial district, and (3) that the interests of justice would be better served in an alternative judicial district.  SEC v. Page Airways, Inc., 464 F. Supp. 461, 463 (D.D.C. 1978).  All three requirements are met in the present action.

First, as shown above, the case could, and should have been brought in the District of Hawaii, where the relevant employment records are maintained and administered.  See 42 § 2000e-5(f)(3).  Second, all the events having occurred in Japan, some of the witnesses being located in Japan, and most of the relevant records being maintained in either Japan or  Hawaii, the convenience of Defendant and that of the witnesses clearly would be better served if the case were adjudicated in Hawaii.  Undersigned counsel is informed that Robert B. Nolan and Mark Nelson, who both signed the Settlement Agreement on the Defendant's behalf, are still employed

by the Defendant in Japan. Hawaii is significantly nearer to Japan than the District of Columbia. This Court consistently has transferred actions to alternative judicial districts when the majority of the witnesses live in or near the transferee forum. See, e.g., Armco Steel Co., L.P. v. CSX Corp., 790 F. Supp. 311 (D.D.C. 1991); Securities & Exchange Comm'n v. Ernst & Young, 775 F. Supp. 411 (D.D.C. 1991).

For the same reasons, Plaintiff cannot claim any greater convenience in pursuing the case in the District of Columbia. See Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction). Plaintiff's claims arose in Japan, and the relief he seeks will not likely be imposed (if at all) in District of Columbia. See Franklin v. Southern Railway, Co., 523 F. Supp. 521, 523 (D.D.C. 1981) (where action has little contact with chosen forum, plaintiff's selection is less important); Packer v. Kaiser Foundation Health Plan, 728 F. Supp. 8 (D.D.C. 1989). See also Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp 1048, 1050 (N.D. Ill. 1982) (citations omitted) ("Although under the common law doctrine of forum non conveniens, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of § 1404(a). Additionally, plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action.").

Finally, the interests of justice would be better served if the case were to be adjudicated in the District of Hawaii. The convenience achieved by the transfer also would mean greater judicial economy for a Hawaii related suit, and the District Court for the District of Hawaii

certainly would be better situated to address Plaintiff's claims for equitable relief.  Given all

these factors, the case should be transferred to the District Court for the District of Hawaii .

## IV.  Conclusion

This Court lacks subject matter jurisdiction over Plaintiff's claims because they involve

claims for breach of contract and seek monetary amounts in excess of $10,000.  Under 28 U.S.C.

§ 1346(a)(2) and 28 U.S.C. 1491(a)(1), the Federal Court of Claims has exclusive subject matter

jurisdiction of this case.  This Court should dismiss this case or transfer this case to the Court of

Federal Claims under 28 U.S.C. § 1631.

To the extent that this Court could have subject matter jurisdiction over the case, venue is

improper in D.C., and it should be dismissed for that reason.  Even if the Court were to find

somehow that venue in the District of Columbia is proper, the case should be transferred to the

District of Hawaii for convenience of the parties and the witnesses under 28 U.S.C. § 1404(a).

Dated: March 20, 2006.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W., - Room E4822
Washington, D.C. 20530
(202) 514-7161