UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YSAURO R. MUNOZ )<br>PSC 472 Box 8 )<br>SRF Yokosuka )<br>FPO AP 96349-0008 )<br>        Plaintiff )<br>)<br>      v. )<br>)<br>GORDON R. ENGLAND )<br>DEPARTMENT OF THE NAVY )<br>1000 Navy Pentagon )<br>Washington, D.C. 20350-1000 )<br>        Defendant )<br>_____) | Civil Action No. 1:05-cv-02472-CKK |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**Introduction**

1.  Plaintiff Ysauro R. Munoz, by and through undersigned counsel, hereby files this civil action against Gordon R. England, Secretary of the Navy, in his official capacity. This action seeks relief for harm caused to Mr. Munoz by Defendant's unlawful retaliatory refusal to comply with a Settlement Agreement entered into on February 28, 2002, in that the Agency has without justification, refused to provide career enhancement training within the twelve month period following execution of the settlement agreement. The Agreement settled complaints filed against the Navy for employment discrimination based on race and age discrimination, harassment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. §§ 621 et seq. Plaintiff seeks legal and equitable relief, including injunctive relief, specific performance, promotion, back pay, interest on back pay, compensatory damages and reasonable attorneys' fees

incurred in maintaining this action, including the preceding administrative actions.

## Parties

2.  Plaintiff Ysauro R. Munoz, is a career Navy Civilian employee stationed overseas at the Naval Ship Repair Facility ("SRF") in Yokosuka, Japan. Mr. Munoz is an Engineering Technician, GS-12, responsible for providing technical, repair and modernization services to ships and weapons systems at the ship repair facility. Mr. Munoz is of Hispanic descent and over forty years old.

3.  Defendant Gordon R. England is the Secretary of the Navy. Mr. England is sued in his official capacity only. The Navy is a department of the United States government.

## Jurisdiction and Venue

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 29 U.S.C. § 633a(c), 42 U.S.C. 2000e-16(c) and 42 U.S.C. § 1981a.

5.  Plaintiff exhausted his administrative remedies by notifying the agency of its breaches of the settlement agreement, and then filing appeals with the Equal Employment Opportunity Commission (EEOC) on July 17, 2002 in Appeal No. 01A24123, and on February 28, 2003, in Appeal No. 01A34434.

6.  On September 26, 2005, plaintiff received a final decision letter from the EEOC notifying him of his right to sue in Federal District Court within 90 days.

7.  Venue properly lies in this Court pursuant to 28 U.S.C. §1391 because ADEA claims for legal and equitable relief may be brought before any court of competent jurisdiction, and pursuant to 42 U.S.C. §2000e-5(f)(3), because the employment decisions affecting plaintiff were made in the District of Columbia, records concerning plaintiff's employment are

maintained and administered in the District of Columbia, and Defendant, Secretary of the Navy, is located in the District of Columbia.

## Facts

8.  Since February 1, 1987, Plaintiff has held the position of Engineering Technician, GS-12, in the Combat Systems Department, Weapons Systems Division, of the Naval Ship Repair Facility ("NSRF") in Yokosuka, Japan, being responsible for providing technical, repair and modernization services to ships and weapons systems.

9.  Plaintiff was hired as an ASROC Launcher Technician (Anti-Submarine Rocket Launcher) by NSRF Yokosuka, Japan in February 1987.  Plaintiff also became a MK13 GMLS (Guided Missile Launcher) Technician beginning in 1988.

10. The ASROC MK112 Launcher was replaced by the MK41 Vertical Launching System (VLS), starting in 1990, when the then new DD class Destroyers arrived in Yokosuka.

11. The MK13 GMLS weapons system was ended in February 2003, when the Navy divested the MK13 launcher from its ships.  This guided missile system was also ended, because like the MK112 Rocket Launcher, it too had become obsolete.

12. On August 21, 2001, Plaintiff filed a formal EEO complaint for age and race discrimination when he was not allowed to take weapon systems training and his responsibilities as Lead Engineering Technician were given to other employees (Agency No. 01-62758-003).

13. On November 26, 2001, Plaintiff filed a formal EEO complaint for continued retaliation and harassment (Agency No. 02-62758-004).

14. On February 28, 2002, complainant and the agency entered into a settlement agreement regarding complainant's EEO complaints (Agency Nos. 01-62758-003 and

02-62758-004).  The settlement provided, in pertinent part, that in exchange for complainant voluntarily withdrawing his complaints, the agency agreed to provide training to enhance Mr. Munoz's career within 12 months from the date of this agreement and to provide Mr. Munoz with a "Letter of Regret". ("Settlement Agreement", "Settlement" or "SA").

15. Plaintiff initiated the first breach proceeding in response to the Agency's refusal to provide him with requested Vertical Launch System (VLS) training, first notifying the Navy by letter of April 12, 2002.

16. On June 4, 2002, the Navy had Plaintiff attend a two day training conference on the MK13 Missile Launcher, which was already slated for removal from all Navy ships.  This training session was the very last conference given for that weapon system.

17. On June 13, 2002, the Navy determined it had not breached the Settlement.  The agency stated with regard to the provision for career enhancing training that no breach had occurred since any training would satisfy the Settlement "since no specific training was identified" and the one year time period had not elapsed.

18. Plaintiff, Mr. Munoz timely filed his settlement breach appeal with the Commission on July 17, 2002 in Appeal No. 01A24123.

19. On December 11, 2002, Complainant initiated EEO counseling for breach of the settlement agreement, including failures to provide requested career enhancing training, continued retaliation and removal of job responsibilities.  He received a notice of final interview on February 13, 2003.

20. On February 28, 2003, exactly one year after the execution of the SA, Plaintiff filed a formal complainant alleging that the SA had been breached by the Agency's denying his

subsequent requests for career enhancement training, specifically his requests for training on the vertical launch systems.

21.     On August 7, 2003, based on the positions of the parties, the Commission found in the first breach proceeding that "more than a year after the settlement agreement was executed, complainant claimed that he still had not received career enhancement training" and that "the agency failed to refute complainant's contention that he has not received career enhancement training in the twelve month period following execution of the settlement agreement."[1] The Commission vacated the Agency's June 13, 2002 decision and remanded the case, ordering the agency to conduct an investigation on compliance with these terms of the settlement, and to issue a new decision within thirty days.  It further ordered the Navy to submit a compliance report, with documentation, within thirty days of compliance with the Order, and to provide copies of all submissions to the Complainant.

22.     On September 4, 2003, in response to the August 7, 2003 Order in the July 17, 2002 appeal, the agency issued a two-page determination that it had complied with the SA, based on its review of its training records.  Mr. Munoz was never involved in this investigation.

23.     The agency's decision stated the terms of the SA were that Plaintiff would receive career enhancing training, but no specific classes were identified in the SA.  As such, the agency's decision found that the training classes which Plaintiff attended were deemed career enhancing as they were directly related to his duties as an Engineering Technician, GS- 12.

---

[1] *Ysauro R. Munoz v. Gordon R. England, Secretary, Department of the Navy, Agency,* Appeal No. 01A24123, (August 7, 2003), 2003 WL 21953731 (EEOC)  The Commission noted that complainant had made a subsequent submission dated May 1, 2003, maintaining that he had not received any career enhancement training. Complainant stated he had submitted two requests for vertical launch systems training during this period and both requests were denied.

24. On October 8, 2003, complainant appealed this determination to the Commission.

25. By October 23, 2003, the agency agreed to investigate the second breach complaint/appeal of February 28, 2003

26. On March 29, 2004, the agency provided Plaintiff a report of the second investigation, along with an offer for requesting a hearing.

27. On April 29, 2004, Plaintiff requested a hearing. However, the Administrative Judge properly dismissed on June 4, 2004, as jurisdiction belonged to the Commission's Office of Federal Operations ("OFO") to decide breaches of settlement agreements.

28. On August 19, 2004, Plaintiff filed an appeal to OFO, requesting consolidation of his breach of settlement claims, and designation of a forum for an opportunity to be heard.

29. On September 21, 2004, the Navy issued a FAD that Mr. Munoz was not discriminated against when it denied him the requested (Vertical Launch System) VLS training. Neither the investigation nor the decision addressed the question of compliance with the Settlement Agreement.

30. The Commission issued a final decision dated September 21, 2005, denying Mr. Munoz relief. This decision was received on September 26, 2005.

## Cause of Action One - Breach of Settlement Agreement

31. As set forth in paragraphs 8-30 above, the foregoing violations of the Title VII and ADEA settlement agreement are violations of those statutes.

32. The actions of the Navy and the Final Decision of Defendant (Office of the Secretary) in not providing career enhancing training between February 28, 2002 through February 28, 2003, specifically Vertical Launch System training, constitute a substantial and

material breach and violation of the Settlement Agreement signed by Plaintiff and the Navy.

33.     Plaintiff was damaged by Defendant's breach of the SA because it prevented Plaintiff from advancing his career, adversely affected his professional skills, prevented him from being promoted, and caused physical harm, emotional suffering and pain, mental anguish, humiliation, embarrassment, anxiety, inconvenience, and loss of enjoyment of life.

### Cause of Action Two - Retaliation

34.     Section 704 of Title VII of the Civil Rights Act, 42 U.S.C. 2000e-3(a), states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees * * * because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Section 717 of Title VII, 42 U.S.C. 2000e-16, provides that [a]ll personnel actions affecting employees * * * in executive agencies * * * shall be made free from any discrimination based on race, color, religion, sex, or national origin. Section 15 of the ADEA, 29 U.S.C. § 633a, prohibits retaliation as one form of age discrimination.

35.     The EEOC federal employee regulations, 29 C.F.R. 1614.101(b), provide: "No person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act (title VII)  (42 U.S.C. 2000e et seq.), the Age Discrimination in Employment Act (ADEA), (29 U.S.C. 621 et seq.),  * * * or for participating in any stage of administrative or judicial proceedings under those statutes."

36.     As set forth in paragraphs 8-30 above, defendant retaliated against plaintiff by denying him the requested training in reprisal for opposing unlawful employment practices and

for filing EEO complaints and appeals in violation of Section 704 and 717 of Title VII of the Civil Rights Act, Section 15 of the ADEA, and 29 C.F.R. 1614.101(b).

37.     Plaintiff was damaged by Defendant's reprisals because it prevented Plaintiff from advancing his career, adversely affected his professional skills, prevented him from being promoted, and caused physical harm, emotional suffering and pain, mental anguish, humiliation, embarrassment, anxiety, inconvenience, and loss of enjoyment of life.

### Relief Requested

Wherefore, plaintiff respectfully requests the following legal and equitable relief:

1.      Provision of Vertical Launch System training;

2.      Modification of position description to encompass missile duties and training;

3.      Promotion to grade GS-13 with step increases retroactive to February 2003;

4.      Back pay, including interest and restoration of all benefits;

5.      A two year tour renewal and removal from Priority Placement Program;

6.      Injunctive relief against discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the ADEA;

7.      Additional EEO Training and Sensitivity Training for all SRF Managers, within the current fiscal year;

8.      Written posting on all SRF bulletin boards that SRF breached the earlier Settlement Agreement.

9.      Compensatory damages, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, inconvenience, loss of reputation and

other nonpecuniary costs;

    10.    Attorney's fees and other costs of the action, including expert witness' fees; and

    11.    Such other relief as may be deemed equitable and proper.

### **Jury Demand**

    12.    Plaintiff requests a trial by jury.

Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiff                                      March 31, 2006