UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YSAURO R. MUNOZ | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-02472-CKK |
| | ) | |
| GORDON R. ENGLAND | ) | |
| DEPARTMENT OF THE NAVY | ) | |
|     Defendant | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT
OR IN THE ALTERNATIVE, TO TRANSFER (DN 12)**

Plaintiff, by and through counsel, respectfully submits this Memorandum in Opposition to the Defendant's Motion to Dismiss Amended Complaint, or in the Alternative, to Transfer (DN 12), and states as follows:

**I.   Introduction**

This action seeks equitable and legal relief for harm caused to Plaintiff, Ysauro R. Munoz, by Defendant's unlawful retaliatory refusal to comply with an EEO Settlement Agreement entered into on February 28, 2002.  The Agency has without justification, refused to provide career enhancing training within the twelve month period following execution of the settlement agreement.  The Agreement settled complaints filed against the Navy for employment discrimination based on race and age discrimination, harassment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. §§ 621 et seq.  The legal and equitable relief sought by Plaintiff includes injunctive relief, specific performance, promotion, back pay, interest on back pay, compensatory damages and reasonable attorneys' fees incurred in maintaining this action,

including the preceding administrative actions.

The claims filed by Mr. Munoz have always been for retaliatory breach of the Settlement Agreement. See Amended Complaint ¶¶ 1, 19. The Plaintiff merely sought to clarify the principal retaliatory nature of his claim through the Amended Complaint. As the Court, and perhaps the Defendant, become more familiar with the actual facts, the retaliatory nature of the Navy's actions in using the EEO settlement to further punish Mr. Munoz for having asserted his rights, will become more apparent.

## II. Standard of Legal Review

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F.Supp.2d 78, 81 (D.D.C. 2000) (citations omitted), aff'd, 22 Fed.Appx. 14 (D.C. Cir. 2001) (unpublished).

Additionally, the Court held in *Settles v. United States Parole Comm'n*, 429 F.3d 1098 (D.C. Cir., 2005) that when a court rules on a Rule 12(b)(1) motion, it may "undertake an independent investigation to assure itself of its own subject matter jurisdiction." *Haase v. Sessions*, 266 U.S. App. D.C. 325, 835 F.2d 902, 908 (D.C. Cir. 1987). This includes considering facts developed in the record beyond the complaint. Id. at 907. But at the Rule 12(b)(1) stage, "the plaintiff is protected from an evidentiary attack on his asserted theory by the defendant." Id.; *Hotel & Rest. Employees Union, Local 25 v. Smith*, 270 U.S. App. D.C. 40, 846 F.2d 1499, 1502-03 (D.C. Cir. 1988) (en banc); see *Warth v. Seldin*, 422 U.S. 490, 500-02, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).

When determining whether this Court will transfer a case for improper venue, this Court must accept the "plaintiffs well-pled factual allegations regarding venue as true, draw reasonable inferences from those allegations in the plaintiffs favor, and resolve any factual conflicts in the plaintiffs favor." *James v. England,* 332 F.Supp. 2d 239 (D.D.C. 2004), quoting *Darby v. United States DOE,* 231 F.Supp. 2d 274 (D.D.C. 2002); *2215 Fifth St. Assocs. V. U-Haul Int.l, Inc.,* 148 F.Supp. 2d 50, 54 (D.D.C. 2001). To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *U-Haul,* 148 F. Supp. 2d at 51.

While generally speaking, venue must be established for each cause of action, it is clear that venue must be established at least for the principal cause of action if one can be identified. *Hayes v. RCA Service Co.,* 546 F.Supp. 661, 664 (D.D.C. 1982). In special circumstances, the courts may in the exercise of judicial discretion apply the doctrine of pendent venue, *Laffey v. Northwest Airlines, Inc.* 321 F.Supp. 1041 (D.D.C. 1971).

**III.    Argument**

**A. Jurisdiction for Retaliatory Violations of This Discrimination Settlement Belongs in this District Court and Not the Court of Claims**

The Defendant mistakenly asserts that since the first count seeks relief for "a substantial and material breach and violation of the Settlement Agreement signed by Plaintiff and the Navy.", this claim plainly sounds in contract.[1] This Court has previously explained that though it may appear that way "at first blush," such conclusion is mistaken. *Rochon v. Gonzales*, 319 F.Supp.2d 23 (D.D.C. 2004). The Court went on to address that the Court of Claims cannot

---

[1] Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Complaint or, in the Alternative, to Transfer ("Def.'s Memorandum in Support") at 2.

exercise jurisdiction over equitable claims such as the Title VII claims in this case. *Rochon* (D.D.C. 2004) Ibid. ("the Court of Federal Claims cannot exercise jurisdiction over settlement agreements which rely on a substantive interpretation of Title VII terms. *See Fausto v. United States*, 16 Fed. Cl. 750, 753 (Fed. Cl. 1989); *Lee v. United States,* 33 Fed. Cl. 374, 378 (Fed. Cl. 1995).").

Even though the Defendant contends that this is merely a contract action for damages in excess of $10,000.00, Defendant also concedes that since "the Settlement Agreement does not provide for the Navy to pay damages in the event of a breach, it is not entirely clear that the Court of Federal Claims would accept jurisdiction.[2]

This Court went on to review that jurisdiction under the Tucker Act is preempted: "the Court of Federal Claims has "strictly adhere[d] to the statutory limitations" imposed by the Tucker Act. 28 U.S.C. §1491(a)(1); *Mitchell v. U.S.*, 44 Fed. Cl. 438, 438-39. (Fed.Cl.1999). "The presence of a comprehensive, precisely-drawn statutory scheme providing for judicial review in another forum will pre-empt Tucker Act jurisdiction in this Court." *Lee*, 33 Fed. Cl. at 378. Since Congress established "a system of procedural mechanisms by which employees may pursue discrimination claims as pursuant to 42 U.S.C. §§ 2000e-2000e-17," the jurisdiction properly belongs to the District Courts. *United States v. Fausto*, 484 U.S. 439, 454-55 (1988). *Ibid*.

This Court went on to address that actions such as the instant one to enforce Title VII

---

[2] Def.'s Memorandum in Support at 19-20, citing *Schnelle v. United States*, 69 Fed. Cl. 463 (Ct. Cl. 2006) (holding Court of Federal Claims lacked jurisdiction over claim alleging breach of a settlement agreement which did not mandate money damages as a remedy for breach but reinstatement of the underlying discrimination complaints.

settlement agreements do no belong in the Court of Claims: The Court of Federal Claims has refused to even entertain a basic Title VII race discrimination issue. See *Mitchell*, 44 Fed. Cl. At 438-39; Lee, 33 Fed. Cl. at 378. Since Title VII settlement agreements would not exist but for the existence of the Title VII statutory scheme, "an action to enforce a Title VII *settlement* is [essentially] an action brought *under* Title VII itself." *Robles v. United States,* No. 84-3635, 1990 WL 155545, at 7 (D.D.C. July 20, 1990) (emphases added) (since the settlement claim issue was founded upon a Title VII claim, District Court concluded that jurisdiction lies properly within the District Courts); See also *Fausto*, 484 U.S. at 454-55.

      This Court also addressed that claims such as the instant second claim of reprisal for breaching settlement agreements, belong before this District Court: "Title VII issues are properly within the subject matter jurisdiction of District Courts. Since plaintiff's alleged breach of his 1990 and 1994 settlement agreements cannot be addressed without examining that which defines a retaliatory claim under 42 U.S.C. §2000e-3, jurisdiction lies properly within this Court. See *Fausto*, 484 U.S. at 454-55; *Bd. of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel*, 97 F.3d 1479, 1485 (D.C. Cir. 1966)." *Ibid*.

      The Circuit Court has issued two decisions since the District Court's ruling in *Rochon v. Gonzales*, 319 F.Supp.2d 23 (D.D.C. 2004), that "a claim for breach of a Title VII settlement agreement is a contract claim within the meaning of the Tucker Act" and, therefore, for claims exceeding $10,000 jurisdiction belongs with the Court of Federal Claims. *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005) (citing *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (per curiam).   However, these holdings are limited to breach cases involving only money.

While simple breach cases seeking only money relief should be treated as contract claims, that is not true for cases like the instant case which also requires applying two discrimination statutes for reprisal and seeks equitable relief. *Hansson v. Norton*, 411 F.3d 231, 232-33, 235 (D.C. Cir. 2005) concerned a dispute over the reasonableness of the amount of an award of attorney's fees under the Resolution Agreement. The Court reasoned that such claims "neither requir[ed] an interpretation of Title VII with respect to [the] discrimination complaint nor [sought] equitable relief under Title VII." Id. at 237. Likewise, *Brown*, 389 F.3d at 1297, concerned a claim for more than $10,000.00 in damages. These cases were premised on questions of the amount of money alone, for attorneys fees and damages, and did not seek any equitable relief. As Defendant concedes, Plaintiff is seeking equitable relief (Def.'s Memorandum in Support at 8, including note 3). Since the present case seeks a full range of equitable relief, and involves the statutory claim of retaliation requiring the District Court to apply the relevant discrimination statutes, jurisdiction belongs in District Court.

As the Circuit Court most recently addressed in *Rochon v. Gonzales*, 438 F.3d 1211 (D.C. Cir. 2006), jurisdiction for cases seeking equitable relief, or involving statutory discrimination claims for reprisal, properly belongs in District Court and not the Court of Claims. *Rochon* at 1214, (in *Hansson* the District Court lacked jurisdiction because the plaintiff did not seek equitable relief; and in *Rochon* it was not clear that his claims would fall within the jurisdiction of the Court of Claims because of the tortious nature of the claims for compensatory damages - as are requested in the instant case).

The Court of Appeals further explained, that based on the statutory reprisal claim, even if the Court of Claims were to determine it should retain jurisdiction over the compensatory

damages claim because it arose from the contract claim, the District Court may still jurisdiction over both claims through the exercise of ancillary jurisdiction. *Rochon* at 1214.[3] Considering the 2006 holdings by the Circuit Court's in *Rochon* and the Court of Claim's in *Schnelle*, jurisdiction belongs in District Court.

### B. Jurisdiction for the Statutory Retaliation Claim is Proper Because Plaintiff Exhausted his Administrative Remedies

Contrary to the Defendant's unsupported contentions, the Amended Complaint does assert the facts that Plaintiff exhausted his administrative remedies. The Defendant devotes five pages in its Memorandum to argue based on its mistaken premise, that Plaintiff did not exhaust his administrative remedies by not having initiated counseling, followed by having filed his administrative complaint, prior to filing this claim for retaliation in court. What is particularly peculiar about this extensive argument premised on conjectured facts, is that the Defendant's Memorandum at 3-4 identifies the facts set forth in the Amended Complaint in paragraphs 18 and 20, but inexplicably skips over the pertinent facts in paragraph 19. It should come as no shock that paragraph 19 pleads the very facts Defendant claims are missing, to wit:

> **"On December 11, 2002, Complainant initiated EEO counseling for breach of the settlement agreement, including failures to provide requested career enhancing training, continued retaliation and removal of job responsibilities. He received a notice of final interview on February 13, 2003."**

---

[3] Even if the district court concludes the gravamen of Rochon's claim lies in contract, however, it does not necessarily follow that the district court is barred from exercising jurisdiction over that claim. As explained in Part II.C below, we are reinstating Rochon's statutory claim. On remand, therefore, the district court may determine it has ancillary jurisdiction over his contract claim. *See Shaffer v. Veneman*, 325 F.3d 370, 373 (D.C. Cir. 2003) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994)) (court may exercise ancillary jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent"). *Rochon* at 1214.

And as Defendant admits, he then filed his formal complaint on February 28, 2003. Furthermore, and contrary to Defendant's unsupported contentions, the Complaint identified in paragraphs 25-26, that the Navy did in fact conduct an investigation.

What's more, the Navy should certainly have been able to review and provide the Court with its September 21, 2004 Final Agency Decision ("FAD), Plaintiff's Exhibit 1. The FAD plainly states that Mr. Munoz's claim was for being discriminated against through reprisal when his request for VLS Missile training was denied on October 29, 2002. Id at 1. (The FAD actually misstates the date as 10/22/02, but the Navy's misplaced Investigation Report, Plaintiff's Exhibit 2, contains the correct date of 10/29/02). The FAD goes on to identify that the Navy had his complaint investigated and issued an investigation report (March 15, 2004). When he requested a hearing, his request was refused based on a question of which part of the EEOC would process his complaint. Mr. Munoz did in fact exhaust his administrative remedies for reprisal.

Defendant's selective omission of the very facts it claimed were absent as the premise of its argument, demonstrates that its argument was erroneous and further frivolous. An agency-defendant has the burden to prove by a preponderance of evidence the plaintiffs' failure to exhaust administrative remedies. *Bowden v. United States,* 106 F.3d 433, 440 (D.C. Cir. 1997), citing *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."). The Defendant has not proven anything.

It is further noteworthy that the Court of Appeals has held that a breach of a settlement claim by its nature can be pursued directly in court as a retaliation claim, and that having exhausted the administrative remedies on the original claim, the retaliation claims requires no

further exhaustion. *Saksenasingh v. Secy of Education,* 126 F.3d 347, 360-361 (D.C. Cir. 1987). Furthermore, were the Court to theoretically find the plaintiff had not exhausted his administrative remedies on the reprisal claim, the Court may exercise supplemental jurisdiction on its own discretion. Ibid.

Defendant continues its selective omission of facts, arguing that the retaliatory breach did not rise to the level of being an adverse action (as if giving a Plaintiff nothing for settling his discrimination claims were not significant). Defendant's arguments at 13-14 are precisely one of the questions addressed by the recent 2006 Circuit Court opinion in *Rochon v. Gonzales*, 438 F.3d 1211 (D.C. Cir. 2006), as already relied on by Defendant earlier at 8. In *Rochon*, the Circuit Court addressed a similar motion to dismiss, reviewing its earlier holding in *Passer v. American Chemical Society*, 935 F.2d 322, 330 (D.C. Cir. 1991), that "the concept of retaliation encompasses more than just adverse employment actions. *Rochon*. The Court went on to hold that: "We therefore agree with several other circuits that in order to support a claim of retaliation a plaintiff must demonstrate the "employer's challenged action would have been material to a reasonable employee," which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Rochon*, (citations omitted).

And again, while the Defendant references paragraph 16 of the Amended Complaint to the effect that "Plaintiff admits that he was given weapons system training." - Defendant again omits the salient facts contained in the that paragraph. To wit, paragraph 16:

> **On June 4, 2002, the Navy had Plaintiff attend a two day training conference on the MK13 Missile Launcher, which was already slated for removal from all Navy ships. This training session was the very last conference given for that weapon system.**

Hence, the Defendant's argument is again legally frivolous in misleading the Court. The government should further be embarrassed to argue that sending Plaintiff to the very last class ever given on an obsolete weapons system which was already discontinued could somehow constitute compliance with the settlement agreement to provide career enhancing training - that is training for the new weapons system replacing the obsolete one. As the Circuit Court held in *Rochon*, the question is whether the reprisal was "material", that it would have mattered to another reasonable Navy Civilian Missile Engineer to have been denied training on the new missile system and to instead be sent to the last class on the phased out system. That the government posits such a question in time of war, makes the answer a clearly embarrassing "yes". Mr. Munoz settled his discrimination complaints in exchange for the Navy agreeing to only provide him training so he could continue working on missile systems. Instead of complying, the Navy decided to retaliate and breach the EEO Settlement Agreement, being spiteful and too-cute by half, by sending him to training on the system on which he was already working and which was being discontinued. This is material reprisal and breach per se.

### C. Venue is Proper in the District of Columbia

#### 1. Venue Based on Age Discrimination

In an action under the ADEA, the general venue provisions of 28 U.S.C. § 1391 apply. See 29 U.S.C. § 633a(c) (stating that an ADEA claim may be brought in any court of competent jurisdiction); see also *Rebar v. Marsh*, 959 F.2d 216, 217-18 (11th Cir. 1992); *Archuleta v. Sullivan, Secretary, Dept. of Health and Human Services,* 725 F.Supp. 602 (D.D.C. 1989). Under the general venue statute, actions against an officer or employee of the United States acting in his official capacity may be brought where (1) a defendant in the action resides, (2) a

-10-

substantial part of the events giving rise to the claim arose, or (3) the plaintiff resides. See 28 U.S.C. § 1391(e). Accordingly, under Section 1391 of Title 28, Plaintiff's ADEA claims could be brought in either the Eastern District of Virginia or the District of Columbia. As the Defendant concedes, Hawaii is not a proper venue under the ADEA (Def.'s Memorandum in Support at 21).

Defendant argues that venue under the ADEA is unavailing as to the District of Columbia because it contends that all the employment decisions were made in Japan and the Secretary of the Navy is Headquartered in Arlington VA (we are not told where he resides). However, it is the Plaintiff's position that a substantial part of the decisions were made in the District of Columbia, and it is the personnel of the Navy's Office of EEO Complaint's Management who would need to come to court, not the Secretary himself. The Secretary is only named in his official capacity, and hence it is the location of the pertinent organizational unit which is more important in determining the location of the actual defendant; which unit, with its records, is only a short metro or taxi ride from the Court.

### 2. Venue Based on Title VII

With regards to the employment decision on reprisal, the Final Agency Decision (PX 1) which the Navy seems to have misplaced, was made from its offices at the Navy Yard, in SE Washington, D.C. Likewise, the records used relating to the employment decisions at issue were maintained at the same offices. Accordingly, the first two prongs are satisfied in that unlawful employment decisions were made in D.C., and the records maintained and administered to make those decisions are in Washington as well.

### 3.  Venue Should be Based on Fairness and Justice

If it should be determined that a suit was filed in an improper venue, 28 U.S.C. §1406(a) permits a court to dismiss or transfer the case.[4]  The decision whether to dismiss or transfer is left entirely to the court's discretion. *See, e.g., Hayes v. RCA Serv Co.,* 546 F.Supp. 661, 665 (D.D.C. 1982) ("Under [28 U.S.C. § 1406(a)] the decision as to whether a dismissal or a transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice."). Whether to transfer a case to another district involves a "factually analytical, case-by-case determination of convenience and fairness." *SEC v. Savoy Industries*, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).  And as set forth above, if the court finds venue proper for one of the claims, then it may in the exercise of judicial discretion apply the doctrine of pendent venue, *Laffey v. Northwest Airlines, Inc.* 321 F.Supp. 1041 (D.D.C. 1971).

On the one hand, the Defendant is adamant, that its first choice to send the case to the Court of Claims in the District of Columbia is the correct one.  On the other hand, if the case is not sent to the Court of Claims, the Defendant wants the case sent anywhere but the District of Columbia.  That hardly seems just or fair.  The only employment decisions which bear on venue were made in the District of Columbia.  Defendant concedes that to the extent decisions were made in Japan, it provides no venue at all (Def.'s Memorandum in Support at 17-18).  That is hardly just or fair.  Plaintiff's counsel is a member of the Bar of this Court and the District of Columbia; and though he resides in VA, he does not practice there (nor in Hawaii).  The

---

[4]  28 U.S.C. § 1406(a) provides *inter alia*:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
28 U.S.C. § 1406(a)

Defendant's employees involved in the decision making and who maintain the records in this case are local in the District of Columbia. Hawaii is also still a long distance from Japan in terms of base personnel. Some duplicate copies of documents in Hawaii should not determine the venue of this case. That would be neither fair nor just. What would be the most just, fair and convenient result would be for venue to remain in the District Court for the District of Columbia.

Respectfully submitted,

_____/s/_____
STEVEN M. SPIEGEL, D.C. Bar # 386709
3917 Keller Avenue
Alexandria, VA 22302-1817
Phone 703-998-6780; Fax 703-998-7612
E-mail SSpiegelEsq@verizon.net

Counsel for the Plaintiff                                           May 1, 2006