

*Rec'd 05 OcT 04*
*[signature]*



**DEPARTMENT OF THE NAVY**
NAVAL OFFICE OF EEO COMPLAINTS MANAGEMENT
AND ADJUDICATION
614 SICARD STREET SE SUITE 100
WASHINGTON NAVY YARD DC 20374-5072

Mr. Ysauro Munoz                                    SEP 21 2004
PSC 473, Box 8
FPO AP 96349

                          Re:   DON No. 04-62758-03708
                                NAVOECMA No. 04-340

Dear Mr. Munoz:

     This is the Department of the Navy's final decision on your
Equal Employment Opportunity (EEO) complaint dated February 22,
2003.  At the time of the actions giving rise to your complaint,
you were employed as an Engineering Technician, GS-802-12, at the
U.S. Naval Ship Repair Facility, Yokosuka, Japan (Activity).

     You claimed you were discriminated against based on race
(Hispanic), age (DOB:  07-31-44), and reprisal (prior EEO
activity) when, on April 11 and October 22, 2002, you were denied
Vertical Launch Systems (VLS) training.

     On February 28, 2002, you entered into a settlement
agreement (SA) which resolved two prior EEO complaints.  The SA
provided, in part, that management agreed to provide you with
training to enhance your career within 12 months from the date of
that agreement.  <u>Investigative File</u> (IF) at 272-275.  You alleged
that the denial of VLS training in April 2002 constituted a
breach of that SA and, on July 17, 2002, you filed an appeal with
the Equal Employment Opportunity Commission Office of Federal
Operations (EEOC OFO).  IF at 41-41b.  By letter dated June 13,
2002, the Activity advised Complainant that, based on the SA
language, it was in compliance with the terms of the SA regarding
training.  IF at 39-40.  On October 8, 2003, the Activity
accepted the claim in the instant case for investigation.  IF at
33.  On October 23, 2003, based on the Activity's acceptance of
the instant claim, EEOC OFO closed your appeal.  IF at 41c.

     The Department of Defense, Office of Complaint
Investigations, investigated your complaint and provided you a
copy of the Investigative File.  You were advised of your right
to request a Final Agency Decision (FAD) by the Secretary of the
Navy, or a hearing and decision by the EEOC.  You requested a FAD
with a hearing before EEOC.  However, on June 1, 2004, upon your
request, EEOC dismissed your complaint for lack of jurisdiction,
based on your pending claim that the Activity had breached the
SA.  Your complaint file was forwarded to this Office for a FAD
and was received on August 11, 2004.

The case record concerning your complaint has been carefully reviewed. It is the decision of this Office that you were not discriminated against as alleged. The rationale for this decision is set forth in enclosure (1), "Analysis of the Case." Since you are not a prevailing party, you are not entitled to payment of attorney's fees, costs, or compensatory damages. No corrective action, pursuant to 29 C.F.R. § 1614.501, is required.

This is the final decision of the Department of the Navy on your complaint of discrimination. If you are dissatisfied with this decision, you have the following rights:

<u>YOUR RIGHT TO GO TO EEOC</u>

a. You may file a Notice of Appeal with the Equal Employment Opportunity Commission at any time up to thirty (30) calendar days after receipt of this decision. Such notice should be addressed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, DC   20036

As an alternative to mailing your appeal, your appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 1801 L Street, NW, Suite 100
> Washington, DC   20507

As a further alternative, you may send your appeal by fax to:

> (202) 663-7022.

If you are represented by an attorney of record, the thirty (30) day time period within which to appeal shall be calculated from the receipt of the Final Agency Decision (FAD) by the attorney. In all other cases, the time within which to appeal shall be calculated from your receipt of the FAD. You should use EEOC Form 573, Notice of Appeal, and indicate what you are appealing. A copy of the appeal form is enclosed.

An appeal shall be deemed filed on the day it is postmarked, or, in the absence of postmark, on the date it is received by the Commission. Any statement or brief in support of the appeal must be submitted to the Commission within thirty (30) calendar days of the filing of the Notice of Appeal.

At the same time you provide information to the Commission, you MUST send a copy of the submission to the Activity. The copy

to the Activity should be sent to the attention of the EEO Office.    Refer to the "copy to" section at the end of this decision for that address.    Service upon the Department of the Navy of any statement or brief in support of your appeal is mandatory.    In or attached to the appeal to the Commission, you must certify the date and method by which service was made on the Activity.

b.    The thirty (30) day time limit within which a Notice of Appeal must be filed will not normally be extended by the Commission.    However, the Commission may, at its discretion, extend the time limit and accept the appeal upon a written statement from you explaining why your appeal should be accepted despite its untimeliness.    If you cannot satisfactorily explain why your untimeliness should be excused in accordance with 29 C.F.R. § 1614.604, the Commission may dismiss your appeal.

<u>YOUR RIGHT TO GO TO FEDERAL COURT</u>

c.    <u>Deadline to File Suit</u>.    In lieu of appeal to the Commission, you may file a lawsuit in the appropriate United States District Court.

You are authorized under Title VII, the Age Discrimination in Employment Act (ADEA) and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(1) within ninety (90) days of receipt of the final decision on an individual or class appeal if no appeal to the Commission has been filed;

(2) within ninety (90) days of receipt of the Commission's final decision on appeal; or,

(3) after 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

You must file the lawsuit <u>WITHIN NINETY (90) DAYS</u> of the date of receipt of this decision, unless you have appealed your case to the Commission.    Failure to file your lawsuit within ninety (90) days of receipt of this decision may result in the dismissal of your suit.    Filing a civil action under 29 C.F.R. § 1614.408 or 29 C.F.R. § 1614.409 shall terminate Commission processing of the appeal.    If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing.

d.    <u>Special Deadline for Age Discrimination Suits</u>.    As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), not only must you file suit within thirty (30) days of receipt of this decision, you <u>MAY</u> only have <u>SIX YEARS FROM THE DATE OF THE ALLEGED DISCRIMINATION TO FILE</u>

allegations of age discrimination in a lawsuit.  See Lehman v. Nakshian, 453 U.S. 156 (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401.  Filing an appeal to the Commission will not stop that time from running.  If the time limit is close to expiring, you should consider whether or not you wish to file a civil suit.  You may be barred from filing such a suit, should you allow the time limit to expire, even if you have an appeal in process with the Commission.

      e.  Who is the Proper Defendant.  If you file a lawsuit, you must sue the Secretary of the Navy by name and title.  Presently, the proper defendant is, "Gordon R. England, Secretary of the Navy."  Failure to list Mr. England's name and his title may result in the dismissal of your case.  Rule 25(d)(2), Federal Rules of Civil Procedure.  Only the Secretary of the Navy is a proper defendant under Title VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. 2000e-16(c).  Do not sue your supervisor, your unit, your base commanders, or the Department of the Navy.

### YOUR RIGHT TO COUNSEL

      f.  If you choose to file a lawsuit and you do not have an attorney or are unable to obtain one, you may request the court to help you locate an attorney to represent you.  The clerk's office of the nearest U.S. District Court is the best place to contact in order to find out if the court can help you locate an attorney.  If you cannot afford an attorney, the clerk's office will explain how you may request the court to appoint an attorney to represent you without payment of any fees or costs.  If you need this kind of help, you should contact the court as soon as possible, but no later than ninety (90) days from the date you receive this decision.  YOUR NINETY (90) DAYS TO FILE SUIT WILL NOT BE TOLLED WHILE YOU ATTEMPT TO GET AN ATTORNEY.  IF YOU ARE GOING TO FILE A LAWSUIT, YOU MUST DO SO IN NINETY (90) DAYS WITH OR WITHOUT AN ATTORNEY.

CARMANDINA C. SEXTON
Director

Enclosures:
(1) Analysis of the Case
(2) EEOC Appeal Form 573

```
Copy to:  (w/o encl (2))
Commander, U.S. Forces Japan
Human Resources Office
ATTN:  EEO Office (Code 530)
PSC 473, Box 22
FPO AP 96349-0022

RF/cda
```

ANALYSIS OF THE CASE

Complainant:  Ysauro Munoz                    DON No. 04-62758-03708
                                               NAVOECMA No. 04-340

Issue

    Whether Complainant was discriminated against on the bases
of race (Hispanic), age (DOB:  07-31-44) and reprisal for filing
a prior complaint (September 26, 2001) when, on April 11 and
October 22, 2002, he was denied Vertical Launch Systems (VLS)
training.

Background

    Complainant was employed as an Engineering Technician, GS-
802-12, at the Activity.  Investigative File (IF) at 7, 43, 291.
On April 1, 2002, Complainant requested Vertical Launch Systems
(VLS) training.  On April 11, 2002, the Supervisory Electronics
Technician (S1) denied Complainant's request, citing that the
training was not related to Complainant's official duties.  IF
at 288-289.  In October 2002, Complainant again requested VLS
training.  On October 29, 2002, S1 denied Complainant's request.
IF at 100, 298-299.

Analysis and Findings

    Discrimination based on race, color, national origin,
religion, and sex, and acts of reprisal against persons
presenting or processing claims of discrimination, are
prohibited by Title VII of the Civil Rights Act of 1964, as
amended.  The Age Discrimination in Employment Act of 1967, as
amended, provides for all personnel actions affecting federal
employees and applicants for employment, who are at least forty
years old, to be free from discrimination based on age.  In
addition to the legal standard set forth for a claim of age
discrimination, Complainant must also establish that age was a
determining factor in management's actions.  Elwood v. Pina, 815
F.2d 173, 176 (1st Cir. 1987).

    Traditionally, the systematic approach used in analyzing
discrimination cases requires Complainant to first establish a
prima facie case.  The employer must then articulate legitimate,
nondiscriminatory reasons for its actions, after which
Complainant is provided an opportunity to show by a
preponderance of the evidence that said reasons were pretextual

of discrimination or unworthy of credence. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas v. Green, 411 U.S. 792 (1973).

However, in those cases where there has been an investigation and the agency articulates a legitimate, nondiscriminatory reason for its employment decision, the establishment of a prima facie case becomes irrelevant because there is enough evidence to make a decision based on the merits of the case. Austin v. Department of the Navy, EEOC Appeal No. 01900068 (1989), citing, U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1983); Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990); Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990); Washington v. Department of the Navy, EEOC Petition No. 03900056 (May 31, 1990). Therefore, prima facie case analyses on the bases of race and age are not included in this decision.

When Complainant raises an allegation of reprisal, however, it is necessary to conduct a prima facie case analysis to determine critical threshold issues. To establish a prima facie case of reprisal discrimination, Complainant must show that: (1) he engaged in protected EEO activity; (2) management was aware of such activity; (3) subsequently, management took adverse action against him; and (4) the adverse action followed the protected activity within such a period of time that a retaliatory motive can be inferred. Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976).

Complainant previously filed formal EEO complaints in August 2001 and November 2001, of which S1 was aware. IF at 44, 84, 243-275. The adverse action against Complainant (denial of VLS training) occurred within a period of time from which a retaliatory motive can be inferred. Complainant has established a prima facie case of reprisal discrimination.

Management has the burden of articulating legitimate, nondiscriminatory reasons for its actions. To meet this burden, the Activity need not prove that it did not discriminate. However, the reasons given must be sufficient to raise a genuine issue of material fact as to whether the actions taken were motivated by an unlawful discriminatory bias. It is Complainant's ultimate burden to prove by a preponderance of the evidence that the employer intentionally discriminated against

2

him based on his protected status.    St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

S1 explained that all work accomplished on VLS had to be certified by either a Systems Maintenance Technician (SMT) or a Test Director (TD). Other people could work on the system, but their work had to be quality inspected and certified. S1 noted that the VLS training Complainant requested entailed approximately six months of school, plus follow-on experience that had to be observed and certified by SMTs or TDs at multiple locations. S1 denied Complainant's training request because there was only one SMT billet, a certified GS-12 SMT (Hispanic, DOB: 09-01-57; "CW"). CW's position descriptions (PD) contained VLS duties. IF at 84, 191-206. CW received VLS training in November 2003. IF at 174.

In his pretext argument, Complainant contended that the training was necessary for his career advancement, because of the new class of Navy ships that would be assigned to the Activity. He alleged that S1 denied his October 2002 request because S1 deliberately deleted a vacant VLS billet to justify denying him the training. Complainant alleged race discrimination because there were not many Latinos in his area of expertise, he was singled out for unequal treatment, and because Japanese nationals received VLS training. He alleged age discrimination because a former GS-12 Fire Control employee (White; older than Complainant, DOB unknown) who had lost his billet was retrained in VLS. Complainant admitted, however, that this occurred before S1's time. Complainant alleged that S1 was upset about his prior EEO complaints, as evidenced by his demeanor toward Complainant. IF at 44-45, 175, 301.

S1 explained that he previously had two SMT billets, but lost one when the incumbent appealed his grade level to the Office of Personnel Management (OPM). OPM permanently downgraded the incumbent to GS-11. S1 maintained that he could not recruit for someone with the required skills at the GS-11 level, because OPM mandated that the position could not be advertised above the GS-11 level. He then converted that position to a Fire Control billet. S1 explained that CW's GS-12 grade was saved because he was on a different PD. S1 met mission requirements by using CW and a military Gunner's Mate Chief (GMC) who held the TD Naval Enlisted Classification. S1 maintained that he could not give Complainant VLS training because, under the OPM mandate, he could never use Complainant as an SMT doing VLS work at the Activity. He explained this to

3

Complainant both times Complainant requested the training.    S1
denied discriminating or retaliating against Complainant.    IF at
10, 84-85, 86-98, 113-114, 158-175.    Complainant's former and
revised PDs contained no VLS duties.    IF at 182-190, 207-216.

Complainant provided no substantive evidence to
successfully rebut management's reasons.    Employers generally
have broad discretion to set policies and carry out personnel
decisions and should not be second-guessed by the reviewing
authority, absent evidence of unlawful discriminatory
motivation.    Burdine, 450 U.S. at 248; Schnake v. Department of
Agriculture, EEOC Appeal No. 01965915 (1998).    Complainant did
not show that management's actions were discriminatory or that
race, age, and prior protected EEO activity were motivating
factors in any employment decisions.

Conclusion

Complainant failed to prove by a preponderance of the
evidence that he was discriminated against in the matter
alleged.

4

## CERTIFICATE OF SERVICE

I hereby certify that the Final Agency Decision in the discrimination case of **YSAURO MUNOZ v. GORDON R. ENGLAND, SECRETARY OF THE NAVY**, DON No. 04-62758-03708, was sent via certified mail, return receipt requested to:

**COMPLAINANT**

Mr. Ysauro Munoz
PSC 473, Box 8
FPO AP 96349

**CERTIFIED MAIL #:**

**7001 2510 0003 8211 8359**

Date: _____SEP 23 20_____

_____
Cathy D. Andrews, EEO Assistant
Naval Office of EEO Complaints
   Management & Adjudication
614 Sicard Street, SE, Suite 100
Washington Navy Yard, DC  20374-5072