UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YSAURO R. MUNOZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-2472 (CKK) |
|  | ) ECF |
| GORDON R. ENGLAND, | ) |
| SECRETARY OF THE NAVY, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendant Gordon R. England, Secretary of the Navy, respectfully submits this reply to plaintiff's opposition to the pending motion to dismiss or to transfer this case.

Jurisdiction Lies In the Court of Federal Claims

Plaintiff's Opposition fails to indicate that there is any basis for thinking that the value of monetary relief sought by plaintiff in this case is less than $10,000. Accordingly, this Court lacks jurisdiction over at least the first cause of action in the amended complaint. 28 U.S.C. § 1346(a)(2). The D.C. Circuit emphasized that "[i]n order for Brown either to pursue remedies for breach of contract *or to seek relief under Title VII*, she must **first** prove the Department breached the settlement agreement." Brown, 389 F.3d at 1297 (emphasis supplied). In this case, the gravamen of the case involves whether the training provided by the Navy during the term of the Settlement Agreement was "career enhancing" as required by the Settlement Agreement. That preliminary inquiry does not require application of any Title VII concepts and does not even involve an examination of any person's intent.

Indeed, absent the requirement for training in the Settlement Agreement, it would be difficult for plaintiff to maintain a claim for unlawful retaliation because a denial of "career enhancing training" does not ordinarily amount to an adverse action because employers have broad discretion in the type of training provided to employees and are under no statutory obligation to ensure that any particular training is given or that it is "career enhancing."[1] See Forkkio v. Powell, 306 F.2d 1127, 1130-31 (D.C. Cir. 2002); Brown v. Brody, 199 F.3d 446, 456-57 (D.C. Cir. 1999) (a "material adverse employment action" for purposes of discrimination or retaliation includes "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

It is true that a denial of training can, under certain circumstances, constitute an adverse action. See Freedman v. MCI, 255 F.3d 840, 845 (D.C. Cir 2001)(citing 42 U.S.C. § 2000e-2(d) as barring employers from discrimination in admission to, or employment in any program established to provide apprenticeship or other training); Lutes v. Goldin, 62 F. Supp.2d 118, 124 n.5 (D.D.C. 1999). However, it is equally true that a denial of training must have "materially adverse consequences affecting . . . [plaintiff's] future employment opportunities." Williams v.

---

[1] To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) he was subjected to an adverse personnel action subsequent to, or contemporaneously with, such protected activity; and (3) a causal connection exists between the protected activity and the adverse employment action. See Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002); Jones v. Washington Metropolitan Area Transit Authority, 205 F.3d 428, 433 (D.C. Cir. 2000). This framework applies to plaintiff's claims of retaliation in violation of both Title VII and the ADEA.

Munoz, 106 F. Supp.2d 40, 44 (D.D.C. 2000). Although the burden of pleading such impairment at this stage is a light one, Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000), the crux of plaintiff's complaint focuses on denial of a single training course in Vertical Launch Systems, and such a narrow theory is unviable under the facts alleged here.[2]

Plaintiff's opposition focuses on the distinction between claims for money and for other things he claims to seek in this case, such as a promotion. He argues that forms of relief other than money take this case outside the realm of the Court of Federal Claims. The Amended Complaint, however, sets forth no basis for a claim for a promotion or accompanying back-pay as it does not allege that plaintiff ever applied for a promotion or suffered any diminution in benefits or pay. The Court need only accept as true the well-pleaded facts and claims. As such, at this stage, this is a case falling squarely within the bailiwick of the Court of Federal Claims because the remedy most directly flowing from his claim would be for the Navy to provide him with Vertical Launch System or some other kind of training whose cost is merely a substitute for money.

---

[2] Plaintiff's opposition fails to distinguish this case from Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398 (5th Cir. 1999), in which plaintiff's claim of racial discrimination based on employer's refusal to train her on specialized filing software was not an adverse employment action covered by Title VII. The Fifth Circuit observed: "[T]here was no reasonable basis on which conclude that a denial of such training so peripheral to [Plaintiff's] main duties as a tax processor, would 'tend to' result in a change of employment status, benefits, or responsibilities." Id. at 406.

Lack of Timely Exhaustion of Administrative Remedies and Adverse Action

Plaintiff misapprehends the defendant's argument concerning exhaustion of administrative remedies. Defendant's argument is that the allegations in the Amended Complaint and the material in plaintiff's opposition plainly establish a lack of *actual and timely* exhaustion of grievances as acts of unlawful retaliation.

An employee should not be permitted effectively to toll the time for exhausting EEO complaints by making the exact same request serially. Here, plaintiff's first request for Vertical Launch System training was denied for reasons having nothing to do with plaintiff or the Settlement Agreement and everything to do with the Navy's decision to have people occupying positions other than plaintiff's perform the work on the Vertical Launch System. Plaintiff fails to identify any reason why his second request for Vertical Launch System training was any different from his first.

Plaintiff's opposition to defendant's motion confirms that the Vertical Launch System training plaintiff pegs as the breach first happened on April 11, 2002. Pl.'s Opp., Exh. 1. Moreover, plaintiff's opposition demonstrates not only that the Vertical Launch System training was denied at that time, but also that plaintiff was told that there were specific reasons why it was being denied and would not be provided. See id. Thus, plaintiff's second and duplicate request and its denial on October 29, 2002 (Pl.'s Opp. at 8) were identically treated. Because federal employees are required to contact an EEO office within 45 days of the alleged retaliatory act, 29 C.F.R. § 1614.105(a)(1) and National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and each separate act must be exhausted, plaintiff was required to initiate EEO counseling within 45 days of the first denial of Vertical Launch Systems training if he believed it was retaliatory . No

matter how it is construed, there was no new action or conduct on the part of the Navy within the 45 days preceding plaintiff's EEO contact. The deadlines run from the time of the act. Cf. Young v. National Ctr. for Health Servs. Research, 828 F.2d 235, 237 (4th Cir. 1987). Plaintiff should not be allowed to artificially manipulate the administrative requirements by making the exact same request multiple times, particularly in light of the disapproval of the continuing violation theory by the Supreme Court in Morgan. Cf. Williams v. Munoz, 106 F.Supp.2d 40, 43 (D.D.C. 2000) (rejecting equitable tolling where plaintiff said she only became aware of the reasons for the adverse action after the fact). Accordingly, the Court should find that plaintiff has not properly exhausted the claim in Count Two of the Amended Complaint.

Even if plaintiff's contact with the EEO office could be deemed timely based on the EEO contact within 45 days of the second denial, defendant's motion should still be granted for two other reasons. First, plaintiff's EEO contact failed to place the Navy on notice that he believed that the denial of Vertical Launch System training was retaliatory.[3] See Exhibit 4 (February 22, 2003 Formal Complaint).[4] Indeed, plaintiff's administrative complaint makes no mention of

---

[3] The EEOC correctly dismissed plaintiff's administrative appeal as involving an alleged breach of the Settlement Agreement. That the Navy erroneously investigated plaintiff's second administrative complaint as one for discrimination or retaliation neither alters the nature of the plaintiff's grievance nor waives this defense. See DuVall v. Postmaster General, 585 F. Supp. 1374, 1376 (D.D.C. 1984) (employee not entitled to judicial review of an untimely claim merely because the agency investigated it), aff'd without opinion, 774 F.2d 510 (D.C. Cir. 1985).

[4] Moreover, plaintiff's own statements in his EEO complaint confirm that he was still working on the MK 13 Missle Launchers as well as two other weapons systems, and he makes no mention of the system becoming obsolete. See Exhibit 4 at page 5A. Moreover, plaintiff identifies the EEO activity on which his retaliation complaint is based as September 26, 2001 – more than a year before his EEO contact which is generally too remote in time to establish the causation element of a retaliation claim. E.g., Ball v. Tanoue, 133 F. Supp.2d 84, 92 (D.D.C. 2001) (finding that a one-year time lag between a protected activity and adverse employment action is too great to establish *prima facie* case of retaliation).

Vertical Launch System training and confirms that plaintiff was being treated the same way as another employee with regard to training. Id. at page 5B. Second, in his opposition, plaintiff attempts to argue that provision of training on the MK13 weapons system could not be considered to be career enhancing because that system was rapidly evolving into obsolescence. Pl.'s Opp. at 10. Notably, the exhibit tendered by plaintiff in support of his opposition and uncontradicted by him, confirms that plaintiff's position description, both before and after the Settlement Agreement, did not call for him to perform any duties involving Vertical Launch Systems. See Pl.'s Opp., Exh 1, at 3-4. Moreover, his administrative complaint confirms that plaintiff continued to work on the system as well as two others. See Exhibit 4 at page 5A. In addition, plaintiff argues that the MK13 Missile Launcher was "slated for removal from all Navy ships" without providing the time horizon as it related to the remainder of his tenure with the Navy.[5] Importantly, nowhere does plaintiff allege work for which he was under-trained or that he lacked work because the weapons system on which he was trained had been completely eliminated. The allegations in paragraph 16 of the Amended Complaint further corroborate this view, and plaintiff's assertion that defendant is attempting to mislead the Court (Pl.'s Opp. at 10) is not well taken.

Accordingly, because the record before the Court demonstrates that plaintiff's retaliation claim was improperly exhausted and fails to state a valid claim, Count Two should be dismissed.

---

[5] See Amended Complaint, "Relief Requested," which includes a "two year tour renewal" which suggests that plaintiff's employment by the Navy was bounded.

Venue Is Improper in D.C.

Plaintiff's opposition erroneously proposes to substitute "a short metro or taxi ride" for proper venue. See Pl.'s Opp. at 10-11. Under Title VII, without any evidence to contradict the sworn evidence proferred by defendant, plaintiff asserts that "unlawful employment decisions were made in D.C., and the records maintained and administered to make those decisions are in Washington as well." See Pl.'s Opp. at 11. Plaintiff refers, it appears, to the processing of his EEO complaints, but those are not the relevant employment decisions for purposes of establishing proper venue. Indeed, the processing of EEO complaints is not a cognizable claim. Trout v. Lehman, 38 Fair Empl. Prac. Cas. (BNA) 1131 (D.D.C. 1983); see e.g., Storey v. Rubin, 976 F. Supp. 1478, 1483-84 (N.D. Ga. 1997), aff'd, 144 F.3d 56 (11th Cir. 1998) (table). As this Court has recognized explicitly:

> the only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo.

Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 918 (1992); see Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), cert. denied , 489 U.S. 1011 (1989). Here, the right would be to review of the denial of Vertical Launch Systems training which happened in Japan where plaintiff works and his employment records are maintained in Hawaii. Thus, there is no basis for venue in D.C. under Title VII.

Plaintiff's policy argument that venue should be based on "fairness and justice" instead of an analysis of the relevant facts identified in the statutes governing his claims is contrary to law.

Likewise, the location of plaintiff's counsel is not a factor in the decision because it is not identified by any of the venue statutes as a basis for venue. Because defendant's motion demonstrates that venue is proper and most convenient for the parties and the witnesses in this action in the United States District Court for the District of Hawaii, and plaintiff's opposition does not refute that, the Court should find that venue is improper in the District of Columbia.[6]

For all these reasons, and those set forth in defendant's memorandum in support of his motion, defendant respectfully requests that the Court grant his motion.

Dated: May 18, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W., - Room E4822
Washington, D.C. 20530
(202) 514-7161

---

[6] Plaintiff's characterization of defendant's position on venue being improper in D.C. as inconsistent because of its argument that the Court of Federal Claims has jurisdiction and is located in D.C. is disingenuous. That the Court of Federal Claims only sits in D.C. is a function of other statutes and has no bearing on locating proper venue for purposes of Title VII or the ADEA.